*Reardon v. Kelly Services, Inc.*, 05-71272

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GEORGE M. REARDON,

        PLAINTIFF,

V.

KELLY SERVICES, INC.,

        DEFENDANT.

CASE NO.     05-71272

HONORABLE ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

MAGISTRATE JUDGE
R. STEVEN WHALEN

_____ /

**OPINION AND ORDER**

       This case arises from an employment-related breach of contract dispute.  Plaintiff is an attorney who worked as Senior Vice President and General Counsel for more than six years for Defendant, Kelly Services, Inc. ("Kelly Services"); a temporary worker employment agency.

       Both parties agree that a valid employment contract was formed.  At issue is the interpretation of the employment contract's severance provision.  Each party contends that the contract language unambiguously supports their position.  Plaintiff argues that the language of the severance provision requires Defendant to pay him over $2.1 million.  Defendant argues that the contract's language does not entitle Plaintiff to any severance pay.

**The Employment Contract**

       In 1998, Kelly Service's General Counsel retired, creating a vacancy.  Kelly Services approached Mr. Reardon, interviewed him numerous times, and extended him a written offer.  After a series of contract negotiations, Mr. Reardon ultimately accepted a revised letter offer on March 24, 1998.  The contract was prepared and signed by Kelly Service's Chief Executive Officer, President, and Chairman Terrence Adderley.

       Among other things, the employment agreement contained a provision which stated:

       If you voluntary terminate your employment for any reason within a year of your starting date, the restricted share and stock option awards and the office lease reimbursement will be canceled.  If your termination by the Company is other than for cause, i.e. violation of

*Reardon v. Kelly Services, Inc.*, 05-71272

policy or misconduct reflecting adversely on the company, you will be paid a separation allowance representing the difference between your first year's compensation of $256,000 ($190,00 plus guaranteed STIP payment) and the compensation payments you will have already received.

Plaintiff's Motion for Summary Judgment, Exhibit 1, pg 2.

After signing the contract, Mr. Reardon worked for Kelly Services from 1998 to 2004. On June 9, 2004, Mr. Reardon's employment was terminated in an "aggressive cost-saving" restructuring. Mr. Reardon was informed that it was not his performance that led to his termination but rather "downsizing."

After being unable to settle their dispute over Mr. Reardon's severance pay despite negotiations, Kelly Services filed a complaint for declaratory judgment in Oakland County Circuit Court in December of 2004. The complaint asked the court to find the contract's language unambiguously showed that Mr. Reardon was not entitled to severance pay under the provision. Since the complaint was never served on Mr. Reardon, the court dismissed the case for failure to prosecute on March 16, 2005.

Basing jurisdiction on diversity, Mr. Reardon filed a complaint in the Eastern District of Michigan on March 31, 2005. He filed for summary judgment in June of 2005. Kelly Services filed a cross motion for summary judgment a month later. On November 2, 2005, this Court heard oral arguments on the motions.

## STANDARD OF REVIEW

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P 56(c). The moving party bears the initial responsibility of demonstrating that there is an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323; 91 L. Ed. 2d 265, 106 S. Ct. 2548; 477 U.S. 317, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). Material facts are determined by the substantive law in the case. *Anderson v. Liberty Lobby*, 477 U.S. 242, 247, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). All inferences must be made in a light most favorable to

*Reardon v. Kelly Services, Inc.*, 05-71272

the non-moving party. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574,

586, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986). Cross motions for summary judgment authorize

the Court to assume that there is no evidence which needs to be considered other than that which

has been filed by the parties. *Greer v. United States*, 207 F.3d 322, 326 (6th Cir. 2000).

**ISSUES**

This case involves the interpretation under Michigan law of two sentences in a severance

agreement.

> The cardinal rule in the interpretation of contracts is to ascertain the intention of the
> parties. To this rule all others are subordinate. In light of this cardinal rule, and to
> effectuate the principle of freedom of contract, this Court has generally observed that if
> the language of the contract is clear and unambiguous, it is to be construed according to
> its plain sense and meaning; but if it is ambiguous, testimony may be taken to explain the
> ambiguity.

*City of Grosse Pointe Park v. Mich. Mun. Liab. & Prop. Pool*, 473 Mich. 188, 198 (Mich. 2005)

(citations omitted).

Kelly Services acknowledges that Mr. Reardon was not fired for cause.  Both sides agree

that the contract's separation provision is unambiguous, however they disagree over the correct

interpretation.  Both sides argue that the contract's unambiguous terms stands for their position.

This Court must decide as matter of law whether the contract's terms are unambiguous and if so,

what they mean.

**Defendant's Plain Language Argument**

Kelly Services argues that the language of the contract's single, integrated severance

provision when read as a whole clearly demonstrates that Plaintiff was not entitled to severance

pay after his first year of employment.  The severance agreement's structure and subject matter

confirm that the reference to the "first year," explicit in the first sentence of the paragraph,

necessarily governs the second sentence.

Kelly Services cites a string of cases where Courts have interpreted single provisions in

Page 3 of  9

*Reardon v. Kelly Services, Inc.*, 05-71272

their entirety in order to produce harmonious results. *Garfield v. Matria Healthcare,* Inc., 1999 U.S. Dist. LEXIS 17677 (E.D. Pa. Nov. 17, 1999) (district court rejected widow's contractual interpretation which would have given to her, her deceased husband's "said annual consulting fee" for life because the interpretation failed to consider "the context of its [the said annual consulting fee phrase] within the paragraph in its entirety"); *Wright v. DaimlerChrysler Corp.*, 220 F. Supp. 2d 832, 843 (E.D. Mich. 2002)("Plaintiff's interpretation of the 'term' claim does not make sense when reading the paragraph as a whole."); *National Union Fire Insurance Co. of Pittsburgh, PA v. Amway Corp.*, 1993 U.S. Dist. LEXIS 10808, 16 (W.D. Mich. Jul. 12, 1993)(court read the "entire coverage provision" of an insurance contract for a "more sensible reading"); *Third Horizon Group, LP v. Molitor & Molitor*, No. 224058, 2001 Mich. App. LEXIS 1159, 8 (Mich. Ct. App. Aug. 24, 2001)(*unpublished*)("When considered in its entirety, the co-tenancy provision is most reasonably construed as proposed by the defendant; defendant's construction harmonizes the entire provision, while plaintiff's construction renders a portion of the provision surplusage"); *Ambrose v. Standard Oil Co.*, 214 F. Supp. 872, 875 (D. Ore. 1962)(to ascertain true intent of the parties, the first and second sentences of a guarantee were read together so that 90 day time limit in the first sentence carried over to the second sentence); *Affholder, Inc. v. Southern Rock, Inc.*, 736 F.2d 1007, 1014-15 (5th Cir. 1984)(limiting condition of the first sentence read into the provision's second sentence.)

Kelly Services contends that a natural reading of the entire provision requires the importation of the first sentence's temporal limitation to the second sentence.  Defendant presented this analogy during oral argument:  "If you serve beef for dinner, serve red wine.  If you serve fish, serve white."  Even though the second sentence is missing the phrase "for dinner," the only reasonable interpretation includes importing that phrase into the second sentence.  Similarly, Defendant argues that the second sentence implicitly includes the phrase "within a year of your starting your starting date."  Thus, the contract's provision which states:

*Reardon v. Kelly Services, Inc.*, 05-71272

> If you voluntary terminate your employment for any reason within a year of your starting date, the restricted share and stock option awards and the office lease reimbursement will be canceled.  If your termination by the Company is other than for cause, i.e. violation of policy or misconduct reflecting adversely on the company, you will be paid a separation allowance representing the difference between your first year's compensation of $256,000 ($190,00 plus guaranteed STIP payment) and the compensation payments you will have already received.

when read as a whole would mean:

> If you voluntarily terminate your employment for any reason within a year of your starting date**,** [certain benefits] will be canceled.  If your termination by the Company is other than for cause [within a year of your starting date]  you will be paid [a certain calculated severance].

According to Defendant, the only reasonable interpretation includes importing the first sentence's temporal limitation to the second sentence.

As evidence for the position, Defendant cites to the contract provision's structure.  The fact that these sentences appear consecutively, are contained within the same paragraph, and constitute one single provision, structurally support interpreting them as an integrated whole.  Defendant also points to the fact that the second sentence refers to the first year twice in the severance equation ("the difference between your first year's compensation and your $66,500 guaranteed STIP payment," which is an annual event). Thus, Defendant argues, the Court should import the temporal limitation.

Defendant contends that the sentences are also united by the same subject matter, premature termination, *e.g.* the consequences of terminating Plaintiff's employment within the first year.  The first sentence outlines the procedure if Plaintiff voluntary terminates employment within the first year.  The second sentence outlines the procedure if Plaintiff's employment is terminated for a reason other than cause within the first year. This sentence also implicitly outlines the procedure if his employment is terminated for cause within the first year.

<u>**Plaintiff's Plain Language Argument**</u>

*Reardon v. Kelly Services, Inc.*, 05-71272

Plaintiff frames the dispute as one involving the interpretation of a single sentence contained within a disjointed, severance provision.  The Plaintiff argues that the sentence read alone is the only reasonable interpretation of the contract provision.  By itself, the sentence reads:

> If your termination by the Company is other than for cause... you will be paid a separation allowance representing the difference between your first year's compensation... and the compensation payments you will have already received.

Plaintiff claims that this sentence has no relation to the preceding sentence because it deals with a wholly separate issue.  The first sentence concerns what would happen if Mr. Reardon left the company voluntarily within the first year of his employment.  The second sentence deals with the contingencies of a non-cause related termination of employment.  As a result, Plaintiff argues that it would be unreasonable to import the temporal limitation to the second sentence.

## RESULT OF EACH VIEW

### Defendant's View

Under Kelly Service's interpretation, the two sentences of the parties' agreement would provide a severance benefit only if Reardon was involuntarily terminated during his first year of employment.  The result would put into effect a calculation where the first year *Salary*, the higher number, from which the *Compensation*, the lower number, would be subtracted to determine the amount of severance.  Once Plaintiff worked for a year, the severance calculation would equal zero, in effect ending the severance package.  As a result, after one year of employment the unambiguous language of the contract would plainly bar any severance.  Since Plaintiff worked for well over a year, Plaintiff would be barred from any severance pay.

### Plaintiff's View

The Plaintiff's stand alone interpretation of the provision would not require a standard subtraction formula.  During the first year, the equation would be the same as Defendant's

equation; the amount *Compensated* would be subtracted from the first year's *Salary*.  However at the start of the second year, Plaintiff's "difference between" formula would switch the two numbers so that the first year's *Salary* would be subtracted from the already *Compensated*. Stated differently, this would be the absolute value of the numbers of the original equation, *e.g* the absolute value of ten minus twelve is two ([10-12] = 2).  To sum up Plaintiff's theory of the proper equations: Year One, the formula is *Salary* minus *Compensated = Severance*; all other years, the formula would be *Compensated* minus *Salary = Severance*.

The absolute value theory would result in, what Plaintiff refers to as, a "V-shaped"severance package. Thus, after two years Reardon would receive one (1) year worth of compensation $256,000, after two and a half (2 ½) years $384,000 (18 months), after four $868,000, *etc*...  The calculation at the time of Mr. Reardon's dismissal would be the difference between his six (6) years of compensation and his first year's compensation ($2,424,747.63 - $256,000= $2,1689,747.63) under the contract.

### ANALYSIS

In reviewing contract language, an ambiguity exists where there are alternative, reasonable interpretations.  *Wright*, 220 F. Supp at 842; *Petovello v Murray*, 139 Mich. App. 639; 362 N.W.2d 857 (1984).  Although the provision at issue here is susceptible to two literal meanings, Defendant's interpretation is reasonable while Plaintiff's is clever but unreasonable. Since there is only one reasonable interpretation, the contract is unambiguous.

The severance provision as a whole protected Kelly Services from a short-term voluntary departure from Mr. Reardon, and protected Mr. Reardon from the potential adverse impact that he would incur if Kelly Services prematurely ended the relationship.  When Plaintiff's interpretation is put into practice, extremely lucrative results are produced.  For example, if Mr. Reardon worked for Kelly Services for twenty (20) years, upon retirement he would be entitled to a second helping of nineteen (19) years worth of pay.  This is exactly the same type of "unreasonable attempt" to construe the contract's terms "as creating a greater entitlement" than what was clearly and unambiguously provided for in the contract that the District Court did not

*Reardon v. Kelly Services, Inc.*, 05-71272

allow in *Garfield*, 1999 U.S. Dist LEXIS at 8.

It is Defendant's position that creates a single, harmonious result. Plaintiff complains that Defendant is importing terms from a preceding provision. This is untrue. There is one provision concerning the consequences of Plaintiff's leaving the company, either voluntarily or involuntarily, within the first year of his employment. This single provision consists of two consecutive sentences contained within the same paragraph. This may have been a different case, if the sentences were separate paragraphs.

Despite Plaintiff's argument to the contrary, the sentences are also united by subject matter, *e.g.* Plaintiff's departure from the company within a year of being hired. The difference between the two sentences does not lie in the duration of the severance provision but instead in the consequences of each type of termination, voluntary, involuntary, and involuntary for cause.

The provision's contiguous nature combined with the unified subject matter make the only reasonable interpretation, one where the temporal limitation is imported to the contract's involuntary separation sentence. Therefore, the Court finds the contract's separation provision unambiguously precludes Plaintiff from collecting any severance pay from Defendant because the termination occurred after his first year of employment.

## CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment [11] is GRANTED, and Plaintiff's Motion for Summary Judgment [5] is DENIED.

IT IS SO ORDERED.

*Reardon v. Kelly Services, Inc.*, 05-71272

s/sARTHUR J TARNOW
Arthur J. Tarnow
United States District Judge

Dated:  December 22, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 22, 2005, by electronic and/or ordinary mail.

s/Theresa E. Taylor
Case Manager